Martin, J.
delivered the opinion of the court. This case was remanded from this court in April, 1821. 9 Martin, 566.
There was judgment for the plaintiff, and the defendant appealed.
His counsel urges, that the judgment was pronounced on a special verdict, grounded on the testimony of one single witness, while the contract, which was thus proven, exceeded in value the sum of $500.
Admitting this, the defendant's counsel, at *685 the close of the plaintiff's testimony in the district court, ought to have moved for a non-suit, or requested the court to charge the jury that there was no legal proof before them—or have moved for a new trial, on the ground that the verdict was unsupported by legal evidence.
East'n District.
Feb. 1823
A special verdict is conclusive to us as to the facts; and the absence of legal evidence cannot be offered to us, to induce us to set it aside; because nothing compels parties to record all the evidence they offer, and the absence of evidence on the record is no proof that none was offered. There is no statement of facts.
Our attention is arrested on a bill of exceptions.
The defendant, at the trial, offered in evidence a letter of the plaintiff’s testator, which was read. The plaintiff’s counsel then introduced a witness to explain the meaning of part of this letter—by showing what idea writer meant to convey. The defendant’s counsel objected to the witness being examined, as the part of the letter, intended to be explained, was void of ambiguity. The court overruled this objection, and a bill of exceptions was taken. Civ. Code, 310, art. 242.
*686 The part of the letter referred to in the bill of exceptions is in the following words:— "As to the $250, which yon have paid for me; when I requested you to do so, I thought your situation allowed such an advance. The truth is, I intended to return them, but I thought I should not be called on to do it, because I did not anticipate the unfortunate events which have since befallen you. If I cannot repay the whole, I'll pay a part. Sell my bale of cotton, while you wait for the rest."
The witness deposed, he was present when the letter was written, and was consulted by the writer as to the terms in which it was to be couched. From the conversation which then took place, he thinks the writer meant to say to the defendant, that, inasmuch as the latter had been unfortunate in trade, he would not only refrain from asking him what was due, but would return the money he had borrowed. The witness told the writer, he ought not to use such language, and advised him not to write that way; that these expressions might lead to difficulty between him and the defendant, and milder ones would be more *687 proper; that they might be considered as an entering into a settlement of accounts. The writer persisted and the witness left him.
It is true the Code speaks only, in the part cited, of acts—but the principle is applicable to all writings. Contra fidem scripti testis non adhibitur. It would be monstrous to allow a party to convey an idea, in a letter, and after the effect which the communication of the idea was intended to operate, to turn round and pray to be permitted to show that he did not mean to convey the idea which the expressions used purported.
We think that the court erred in admitting parol evidence to explain a letter, in which there is no ambiguity. But we have carefully examined the evidence, which, in this case, is spread on the record, having been taken down in open court. From this it appears that the jury allowed the defendant every claim of which he offered evidence, and particularly that which the letter was introduced to support—and they did not permit the parol testimony excepted to, to weaken the evidence contained in the letter: It is therefore clear, that the defendant was not injured by the illegal introduction of the parol evidence.
Workman for the plaintiff, Moreau & Dumoulin, for the defendant.
The case of Johnson vs. Duncan's syndics, 8 Martin, 158, is not unlike this.
The plaintiff and appellee has prayed us to correct an error of calculation, in which the district court fell in from the amount of the judgment, on the facts found by the jury. The wages of the deceased for 20 months, at $800 a year, amount to $1333 33. The jury found he paid $100 for the defendant, in all $1433 33; deduct from this the sum which the jury found to have been paid by the defendant $407—the balance due is $1026 33.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that there be judgment for the plaintiff for one thousand and twenty-six dollars thirty-three cents, with costs in both courts.