## CLARKE vs. WRIGHT.

A creditor who is not put on the *bilan*, is not bound by the proceedings.

When a negotiable note is the evidence of the

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This is an action against a sheriff for failing to arrest a defendant on a writ of

mesne process. The defence is, that at the time the process came into his hands, the defendant had filed, in the office of the clerk of the court, a petition praying that a meeting of his creditors might be called and he permitted to surrender his property; and that this petition was accompanied by an order of the judge, staying all proceedings against the person and property of the defendant.

There are no public officers who are placed in more delicate situations than sheriffs. The duties they have to perform frequently require them to decide, at their risk, questions on which perhaps the best legal advice they can resort to, will hesitate to pronounce positively. This case is an illustration of the truth of this remark. The creditor who brought the suit was not put on the *bilan*, though the debt due to him was. He was endorsee of the note, and the insolvent had no notice of the transfer. It has only been lately decided in this court, and that after much reflection, for the point was very doubtful, that persons who issue negotiable paper must take the risk in case of insolvency, of ascertaining the *bona fide*

debt, it is the duty of the insolvent to find out the endorsee; putting the debt in the schedule in the name of the payee is not sufficient. The orders generally granted on insolvent petitions, are erroneous—they should only direct stay of proceedings on the part of those creditors who are placed on the bilan. A sheriff who neglects to arrest a defendant, at the suit of a creditor who is not placed on the bilan, is responsible in damages—but they will be only nominal.

West'nDis'et
October, 8 6.

CLARKE
vs
WRIGHT,

holder; and that their neglect in doing so, was not cured by placing the debt on their schedule in the name of the payee. *Vol.* 4, 383, *Herring* vs *Levy.*

The terms in which the orders on insolvents' petitions are drawn up by the judges of the first instance, tho' sanctioned by long usage, are not so precise and correct as could be desired. They, almost universally, direct that *all proceedings* be stayed against his person and property, tho' as it is well known they do not operate as a stay of *all* proceedings, but only the proceedings of those who may be placed on the bilan. It would be much better if they would direct, that all proceedings against the person of the insolvent, by the creditors placed on the schedule, should be stayed. Had that been done here, the action would, most probably, not have been heard of. The apparent inconsistency, however, between the words of the order, and its real effect cannot avail the defendant. It was his duty to know the law, and that the stay of proceedings could only have effect against those whose names were on the bilan.

But the question remains, to what extent

is the officer liable? The plaintiff, by his

petition, seems to have understood that because the arrest was not made, he had a right to demand the whole amount of the debt from the sheriff. But we understand the law to be, that if the sheriff permits an escape on *mesne* process, his responsibility is limited to the loss actually sustained by the plaintiff. Now in the case before us it was, and could have been, but nominal, for the plaintiff might have been compelled to join in the *concurso*. It has already been settled in this court that if the insolvent be sued by a creditor, not on the bilan, his suit will be cumulated with the proceedings which the insolvent has commenced. In this case the debtor must have been discharged on application to the judge; the failure to arrest him, therefore, worked no injury to the petitioner, and he is only entitled to nominal damages for the mistake which the defendant committed. *Franklin Bank* vs. *Nolte & al. vol.* 4, 624. 10 *Martin* 687. 5 *ibid* 196.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

CLARKE
vs.
WRIGHT.

be annulled, avoided and reversed, and that the plaintiff do recover of the defendant the sum of one dollar, with costs in both courts.

*Oakley* & *January* for the plaintiff, *Thomas* & *Boyce* for the defendant.